**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117812

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jesse Garcia, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>MCU Holdings, LLC,<br><br>                              Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Jesse Garcia, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MCU Holdings, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Jesse Garcia is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant MCU Holdings, LLC, is a Florida Limited Liability Company with a principal place of business in Broward County, Florida.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the

Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

3

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 13, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

32. The Letter conveyed information regarding the alleged Debt.

33. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein. and realleges the foregoing paragraphs as if fully restated herein.

35. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

37. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

4

38. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

39. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

40. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the owner of a debt is unfair and deceptive to the least sophisticated consumer.

41. The owner of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

42. The owner of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

43. The owner of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.

44. The identity of the owner of a debt is a material piece of information to a consumer.

45. Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

46. The Letter states, "**Original Creditor: JARED.**"

47. The Letter further states, "Please be aware that all of your rights and obligations in concern with this debt have been assigned to this office."

48. The Letter fails to clearly and explicitly state for the least sophisticated consumer as to who is the current creditor of the alleged Debt.

49. The Letter fails to clearly and explicitly state for the least sophisticated consumer as to who referred the account to MCU HOLDINGS for collections.

50. The Letter fails to clearly and explicitly state for the least sophisticated consumer, if MCU HOLDINGS is collecting in its capacity as the debt collector or the current creditor.

51. The Letter could be reasonably interpreted by the least sophisticated consumer to mean that MCU HOLDINGS is collecting the Debt on behalf of JARED who is both the original and the current creditor and has hired MCU HOLDINGS to collect such alleged Debt.

52. The Letter could alternatively be interpreted by the least sophisticated consumer to mean that MCU HOLDINGS is collecting the Debt on behalf of itself and that it is the current creditor.

53. The Letter could further be interpreted by the least sophisticated consumer to mean that MCU HOLDINGS is collecting the Debt on behalf of a third party who is the current creditor and has hired MCU HOLDINGS to collect such alleged Debt.

54. Defendant failed to explicitly state the current creditor of the alleged Debt.

55. Defendant failed to clearly state the current creditor of the alleged Debt.

56. The least sophisticated consumer would likely be confused as to the current creditor of the alleged Debt.

57. The least sophisticated consumer would likely be uncertain as to the current creditor of the alleged Debt.

58. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the current creditor of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

59. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the current creditor of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

60. The least sophisticated consumer would likely be deceived by the Letter.

61. The least sophisticated consumer would likely be deceived in a material way by the Letter.

62. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

6

66. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

67. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

68. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

69. The Letter provides a settlement option and directs the consumer to send a payment.

70. The Letter thereupon directs the consumer to multiple addresses.

71. The first address, located under the Defendant's designation in the Letter, is: 3200 NW 62ND AVE #202, Margate, FL 33063.

72. The second address, located on the website under Defendant's designation (to which the Letter directs) in the Letter, is: 7551 Wiles Road Suite 101 Coral Springs, FL 33067.

73. The Letter fails to state whether the payment must be mailed to the first address or the second address.

74. The Letter can be interpreted by the least sophisticated consumer to mean that such payment must be mailed to the first address.

75. The Letter can also be interpreted by the least sophisticated consumer to mean that such payment must be mailed to the second address.

76. As a result of the foregoing, in the eyes of the least sophisticated consumer, the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

77. Because the Letter is open to more than one reasonable interpretation by the least sophisticated consumer, it violates 15 U.S.C. § 1692e.

78. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. § 1692e.

79. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

**CLASS ALLEGATIONS**

80. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

81. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter which fails to identify by name and label any entity as "current creditor," "account owner," or "creditor to whom the debt is owed," but rather goes on further to state that, "Please be aware that all of your rights and obligations in concern with this debt have been assigned to this office," which letter was sent on or after a date one year prior to the filing of this action to the present.

82. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

83. The Class consists of more than thirty-five persons.

84. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

85. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

86. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## **JURY DEMAND**

87. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

g. Such other relief that the Court determines is just and proper.

DATED: June 21, 2019

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117812